IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE MAYS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 778 |
| v. | ) | |
| | ) | Judge Gettleman |
| CITY OF CHICAGO, CHICAGO | ) | |
| POLICE OFFICER JASON CLARK, | ) | Magistrate Judge Schenkier |
| UNKNOWN CHICAGO POLICE | ) | |
| OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT IN ITS ENTIRETY**

Defendant City of Chicago ("the City"), by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, submits this memorandum in support of its motion to dismiss plaintiff's complaint in its entirety.

**INTRODUCTION**

1. On February 5, 2008, plaintiff Maurice Mays ("plaintiff") filed a three-count complaint under 42 U.S.C. § 1983 alleging false arrest, denial of his right to due process, and false imprisonment. Plaintiff alleges that on November 15, 2001, he was arrested without probable cause. See Complaint ("Cmplt."), ¶ B(1); Count I (Complaint is attached hereto as Exhibit A). Subsequently, Chicago Police Officers allegedly manufactured and fabricated false evidence, which was used to charge plaintiff with Delivery of a Controlled Substance. See Cmplt., Count II. Plaintiff was then transferred to Cook County Jail, where he spent approximately 345 days in custody on the charges. See Cmplt., Count III. On March 12, 2004, Judge Law allegedly found plaintiff not guilty of the charges. See Cmplt., (B)(1). Because

plaintiff's complaint was not timely filed within Section 1983's two-year statute of limitations, it should be dismissed with prejudice.

## FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) STANDARDS

2. When considering a 12(b)(6) motion, the Court must assume all well-pleaded allegations in the complaint are true and must construe them in a light most favorable to the plaintiff. Alexander v. City of Chicago, 994 F.2d 333, 335 (7th Cir. 1993). The Court is not, however, "obliged to accept as true legal conclusions or unsupported conclusions of fact." Hickey v. O'Bannon, 287 F.3d 656, 658 (7th Cir. 2002). And, the Court is not required to "ignore any facts set forth in the complaint that undermine the plaintiff's claim." LeBlang Motors, Ltd. v. Subaru of Am., Inc., 148 F.3d 680, 690 (7th Cir. 1998) (citations omitted). A motion to dismiss should be granted if the complaint fails to state a claim that entitles plaintiff to relief. Corcoran v. Chicago Park Dist., 875 F.2d 609, 611 (7th Cir. 1989). A plaintiff may plead himself out of court by alleging facts showing his claim is untimely. Tregenza v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993), cert. denied, 511 U.S. 1085 (1994); see Jackson v. Marion County, 66 F.3d 151, 153-54 (7th Cir. 1995) (allegations in a complaint are binding admissions which can lead to dismissal of the complaint).

## ARGUMENT

## THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT IS TIME-BARRED

3. Section 1983 claims are subject to a two-year statute of limitations in Illinois. Licari v. City of Chicago, 298 F.3d 664, 667-68 (7th Cir. 2002); Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir. 1993) (§1983 claims arising in Illinois are governed by a two-year statute of limitations). The statute of limitations begins to run on the date that the plaintiff becomes injured, not on the date when the plaintiff learns of the unlawful cause of the injury. Ferrante v. City of

Chicago, 06 C 5024, Order, pp. 2-3 (N.D. Ill. Jan. 5, 2007)(Gettleman, J.)(citing Thelen v. Marc's Big Boy Corp., 64 F.3d 264, 267 (7th Cir. 1995))("A plaintiff's action accrues when he discovers that he has been injured, not when he determines that the injury was unlawful.").

4. Plaintiff's false arrest, denial of due process, and false imprisonment began to accrue on November 15, 2001 when the Chicago Police Officers arrested him. Plaintiff's complaint was filed over six years after his November 15, 2001 arrest. Even if plaintiff alleges that the two-year statute of limitations began to run after he was acquitted on March 12, 2004, his claims still cannot survive because he waited almost four years after his acquittal to file the instant complaint. As a result, plaintiff's claims are time-barred and his Section 1983 claims should be dismissed with prejudice. In light of the fact that plaintiff brings no claims other than his Section 1983 counts, his complaint should be dismissed in its entirety.

## CONCLUSION

5. For the foregoing reasons, as well as those stated in the accompanying motion, defendant City of Chicago respectfully request that this Court dismiss plaintiff Maurice Mays' complaint in its entirety, with prejudice, because it is untimely.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel of the City of Chicago

By:   s/ *Peter Ahmadian*
PETER AHMADIAN
Assistant Corporation Counsel

30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 744-0898

## CERTIFICATE OF SERVICE

I certify that, on May 5, 2008, I caused a true and correct copy of **Defendant's Motion to Dismiss Plaintiff's Complaint in its Entirety** to be served on plaintiff at the address listed below and by electronic filing.

>Maurice Mays
>#22209-424
>Sandstone - FCI
>P.O. Box 1000
>Sandstone, Minnesota 55072

>s/ Peter Ahmadian
>PETER AHMADIAN
>Assistant Corporation Counsel