# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 778 | **DATE** | 6/25/2008 |
| **CASE TITLE** | Maurice Mays vs. City of Chicago, Chicago Police Officer Jason Clark | | |

**DOCKET ENTRY TEXT**

The City of Chicago's motion to dismiss is granted. Because the claims against Officer Clark are also time barred, the entire complaint is dismissed.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Maurice Mays has filed a three count complaint under 42 U.S.C. § 1983 against defendants City of Chicago and Chicago Police Officer Jason Clark alleging false arrest in violation of the Fourth Amendment, manufacturing false testimony in violation of the Fifth and Fourteenth Amendments and false arrest in violation of the Eighth Amendment, all resulting from his arrest after a traffic stop on November 15, 2001. Plaintiff was found not guilty of all charges stemming from that arrest on March 12, 2004. The City has moved to dismiss arguing that the complaint, on its face, demonstrates that plaintiff's claims are all barred by the applicable two year statute of limitations for § 1983 actions. See Licari v. City of Chicago , 298 F.3d 664, 667-68 (7th Cir. 2002).

Plaintiff's only response to the motion is to move for the production of court records and to stay these proceedings until those records are produced. Plaintiff argues that he does not have the evidence to support his claims. Specifically, plaintiff claims to need the court records from his criminal trial.

As the Seventh Circuit has made abundantly clear, a claim for false arrest accrues that the time of the arrest, not when the defendant is found not guilty or when a conviction is overturned. Wallace v. City of Chicago, 440 F.3d 421, 425 (7th Cir. 2006). Moreover, even if the statute were to begin to run on the date that plaintiff was acquitted, March 12, 2004, plaintiff did not file the instant case until February 5, 2008, almost four years later. Plaintiff does state that the instant case is a refiling of a previous case dismissed for failure to pay the filing fee. That case, No. 07 C 345 was originally filed on January 17, 2007, which is still beyond the two year statute of limitations. Accordingly, the City of Chicago's motion to dismiss is granted. Because the claims against Officer Clark are also time barred, the entire complaint is dismissed.

| | Courtroom Deputy Initials: | GS |
|---|---|---|